Filed 4/29/25  P. v. Hickman CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAYMOND ANTHONY HICKMAN,<br><br>    Defendant and Appellant. | G064362<br><br>(Super. Ct. No. 13NF1347)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Dismissed. Request for judicial notice granted.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Raymond Anthony Hickman on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738, to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised one issue: whether the appeal from the denial of Hickman's petition for resentencing pursuant to Penal Code[1] section 1172.75 is moot.

In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), our Supreme Court held that *Wende* procedures do not apply in appeals from the denial of a postjudgment petition for sentencing relief. (*Delgadillo*, at pp. 224-226.) Thus, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel has found no arguable issues and a concise recitation of facts relating to the denial of the

_____

[1] All further references are to the Penal Code unless otherwise noted.

2

petition. (*Id.* at p. 231.) The reviewing court should send the brief to the defendant with notice that the defendant has the right to file a supplemental brief or letter within 30 days, and if no brief or letter is filed, the appeal may be dismissed. (*Id.* at pp. 231–232.) If the defendant fails to file a supplemental brief or letter, the court retains discretion to conduct an independent review of the record. (*Delgadillo, supra,* 14 Cal.5th at p. 232.)

On December 12, 2024, we ordered counsel to send the record of this appeal and a copy of the brief to Hickman immediately if these materials had not already been sent to him. Hickman was granted 30 days to file any supplemental brief deemed necessary and was advised if no such supplemental brief was filed, the court may dismiss the appeal as abandoned. (*Delgadillo, supra*, 14 Ca1.5th at p. 232.) More than 30 days have passed, and Hickman has not filed a supplemental brief or letter. We have exercised our discretion to review the record.

We reviewed the record and have found no arguable issues on appeal. We conclude the appeal is moot and dismiss.

FACTS

In March 2017, Hickman pled guilty to six counts of second degree robbery and admitted a firearms enhancement for each. The court sentenced Hickman to 15 years in state prison with credit for time served of 1,529 days. Relevant to this appeal, Hickman's sentence contained an enhancement under former section 667.5, subdivision (b). The court stayed the punishment on this enhancement.

In November 2023, Hickman petitioned the trial court for recall and resentencing pursuant to sections 1172.7 and 1172.75. In December 2023, the court denied the petition finding Hickman not eligible for relief under

3

section 1172.75. Hickman filed his initial notice of appeal on March 29, 2024, which the court rejected for untimely filing. This court granted Hickman's petition for a writ of habeas corpus for relief from the untimely filing (*In re Hickman* (June 27, 2024, G064201) [nonpub. opn.]), and a second notice of appeal was filed on June 28, 2024. In October 2024, Hickman completed his prison sentence and was released to the Riverside County Sheriff on another matter.

DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid. [Citation.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483). This bill sought to make the changes implemented by Senate Bill 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code. [Citation.]" (*Burgess, supra*, 86 Cal.App.5th at p. 380.)

"Section 1172.75 states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for

4

a sexually violent offense . . . is legally invalid.' [Citation.] The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) of section 1172.5 directs the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to 'identify those persons in their custody *currently serving* a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' [Citation.]" (*Burgess, supra,* 86 Cal.App.5th at p. 380, italics added.)

Because Hickman is no longer serving a sentence imposed for a prior prison term enhancement, he is not eligible for relief under section 1172.75. The appeal is moot.

DISPOSITION

The appeal is dismissed as moot.

O'LEARY, P. J.

WE CONCUR:

SANCHEZ, J.

SCOTT, J.